COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


CERES MARINE TERMINALS, INC. AND
 AETNA CASUALTY & SURETY CO.
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1868-96-1      JUDGE NELSON T. OVERTON
                                      FEBRUARY 18, 1997
ANITA ARTIS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Robert A. Rapaport (Lynne M. Ferris; Knight,
          Dudley, Clarke & Dolph, P.L.C., on brief),
          for appellants.

          No brief or argument for appellee.


        Ceres Marine Terminals, Inc., (employer) appeals a decision

of the Workers' Compensation Commission that denies it credit for

benefits paid earlier pursuant to an award under the federal

Longshore and Harbor Workers' Compensation Act (LHWCA).  We find

that employer must be given credit for the dollar amounts

previously paid, and we reverse the commission's award.

        The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

        Employer paid benefits under the LHWCA for temporary total

disability to Anita Artis for a compensable injury she suffered

while in its employ.  The Virginia Workers' Compensation

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

Commission subsequently found a permanent partial disability, and awarded benefits under the Workers' Compensation Act. See Code § 65.2-503. The commission refused to allow employer to offset this award by the dollar amount of benefits paid under the LHWCA, claiming that the two types of benefits are different and may not be credited against one another.

We disagree. In Virginia Int'l Terminals, Inc. v. Moore, 22 Va. App. 396, 470 S.E.2d 574 (1996), we held:

> Subject to the approval of the commission, an employer is entitled to a credit for any "voluntary payment" it may have made to the employee. As defined by the statute, a payment is "voluntary" if it was not "due and payable" by "the terms of this title" when made. Thus, the disability payments employer paid claimant under the LHWCA were "voluntary" because when paid they were not "due and payable" under "the terms of" the Virginia Act. Therefore, the amounts paid under the LHWCA should have been deducted from employer's liability as determined by the commission. The statute makes no exception to its command, and its language directing that a credit be provided for "any" voluntary payments indicates an intent to provide a credit for all payments that fall within its classification of "voluntary."

Id. at 405, 470 S.E.2d at 578-79. The amounts paid by employer under the LHWCA should therefore be set off against "any future liability it may have to claimant for the injury received," regardless of the classification of the disability. Id. at 406, 470 S.E.2d at 579.

We reverse and remand, instructing the commission to determine the dollar amount paid under the LHWCA and to credit

employer that amount against the commission's award.
<u>Reversed and</u>
<u>remanded.</u>